IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,054

STATE OF KANSAS,
*Appellee*,

v.

DAVID KILPATRICK,
*Appellant.*

SYLLABUS BY THE COURT

The definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, and a defendant's motion to correct an illegal sentence based on constitutional challenges to his or her sentence will fail as a matter of law.

Review of the judgment of the Court of Appeals in an unpublished opinion filed March 13, 2015. Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed July 28, 2017. Judgment of the Court of Appeals affirming and remanding to the district court is affirmed. Judgment of the district is affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, and *Joanna Labastida*, of the same office, were on the briefs for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: In March 2007, David Kilpatrick pled no contest to one count each of possession of ephedrine or pseudoephedrine with intent to manufacture a controlled

1

substance, possession of lithium metal with intent to manufacture a controlled substance, and possession of methamphetamine. The district court imposed an underlying 26-month prison sentence and placed Kilpatrick on probation. Twenty-eight days after sentencing the district court revoked Kilpatrick's probation and ordered him to serve his prison sentence.

At the time Kilpatrick committed his underlying crimes, drug offenders were not required to register pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.* See K.S.A. 2005 Supp. 22-4902. On July 1, 2007—while Kilpatrick was imprisoned—the legislature amended KORA by adding certain drug offenders such as Kilpatrick to the list of those required to register. See L. 2007, ch. 183, §. 1; K.S.A. 22-4902(a)(11)(B) (defining a drug offender as "any person who has been convicted of: . . . possession of ephedrine, pseudoephedrine, . . . [or] lithium metal . . . with intent to use the product to manufacture a controlled substance.").

After Kilpatrick completed his sentence, he was released from prison on June 6, 2008. A correctional facility employee informed Kilpatrick of his duty to register as a drug offender. The day after his release, Kilpatrick registered with the appropriate authorities. However, in October 2009, Kilpatrick pled no contest to one count of failing to register. At sentencing, the court granted his request for a dispositional departure and placed Kilpatrick on 36 months' probation. On three separate occasions in 2011 and 2012, the district court revoked, reinstated, and extended Kilpatrick's probation.

When the State moved to revoke Kilpatrick's probation a fourth time, Kilpatrick filed a motion to correct his underlying 2009 sentence. He argued that because he had not been required to register at the time of his drug conviction, his subsequent 2009 sentence was illegal because the retroactive imposition of registration requirements ran afoul of the

2

Ex Post Facto Clause of the United States Constitution. He further argued that the district court had no jurisdiction to convict and sentence him for violating a law that could not be constitutionally applied to him. The State responded by arguing that (1) KORA's provisions are not punishment, so they can be applied retroactively; and (2) Kilpatrick waived all jurisdictional attacks on his conviction because he did not raise them during the pendency of his case. The district court denied the motion by "agree[ing] with the State's cited cases." The court denied Kilpatrick's motion to reconsider, revoked his probation, and remanded him to prison.

The Court of Appeals affirmed in part and dismissed in part. In doing so, the panel questioned *sua sponte* its own jurisdiction, ultimately holding that it did not have jurisdiction to consider Kilpatrick's ex post facto claim because "'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision.'" *State v. Kilpatrick*, No. 111,054, 2015 WL 1310723, at *7 (Kan. App. 2015) (unpublished opinion).

Our recent decisions in *State v. Wood*, 306 Kan. 283, 393 P.3d 631 (2017), and *State v. Reese*, 306 Kan. 279, 393 P.3d 599 (2017), resolve Kilpatrick's appeal. There, we first held that courts have jurisdiction to entertain motions to correct illegal sentences at any time. We then held that the definition of an illegal sentence does not include a sentence that allegedly violates a constitutional provision. *Wood*, 306 Kan. at 284-85; *Reese*, 306 Kan. at 281.

Thus, according to our holdings in *Wood* and *Reese*, the lower courts had jurisdiction to hear and consider Kilpatrick's motion as a motion to correct an illegal sentence made pursuant to K.S.A. 22-3504. But that motion advanced no meritorious argument demonstrating Kilpatrick's sentence was illegal, so his claim fails on the merits.

3

Thus, we affirm the outcome below, albeit for different reasons. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

Affirmed.